No. 17,069.

SIMONSON ET AL. *v.* SCHOOL DISTRICT No. 14.

(258 P. [2d] 1128)

Decided June 15, 1953.   Rehearing denied July 13, 1953.

Mr. JAMES C. MERBS, Mr. J. FRED SCHNEIDER, for plaintiffs in error.

Mr. WILLIAM W. GAUNT, Mr. CHARLES T. BYRNE, for defendant in error.

*En Banc.*

Mr. Justice Moore delivered the opinion of the court.

We will hereinafter refer to the parties as they appeared in the trial court, where plaintiffs in error were petitioners and defendant in error was respondent.

Petitioners are residents of Adams county, within School District No. 14. They are the parents of one Rickey Simonson who attained the age of six years on December 31, 1952. In August or September, 1952, petitioners sought to enroll Rickey in the Rose Hill school in respondent district. He was denied admission for the reason that he had not yet attained the age of six years. The school board for the respondent district had adopted bylaws which provided, inter alia: "The (school) system shall provide instructions suitable to and open to all regular residents of the district, who are six years old by November 30th."

Petitioners then sent their son to the State of Kansas where he remained and attended school from September 4th to December 19th, 1952. January 5, 1953, the child returned to his parents' home and they again took him to the Rose Hill school and sought to have him admitted as a pupil being transferred from the Kansas school to the Rose Hill school. He again was denied admission because of his age. Respondent school district has only one class of first grade students each school year and that class starts in September.

There was evidence tending to prove that a "cut-off date" is necessary in the proper and efficient regulation of school affairs; that a child must start at the beginning of the school year to be well ordered and to maintain uniformity of program; that where children are permitted to enter school during all months of the school year it retards the earlier children and discourages the later children who develop a feeling that they are not as smart as the older pupils; and that the average "cut-off date" in Colorado is December 1st.

The trial court made findings as follows: "That the

School Board of Adams County School District No. 14 has the power to make the 'cut-off date' rule in question herein; that the rule in question was reasonable and not arbitrary or capricious; that the civil rights and constitutional rights of the petitioners and Ricky Simonson have not been violated by the action of the school officials as herein recited; and that petitioners are not entitled to a writ of mandamus to compel the Respondents to admit Ricky Simonson to the Rose Hill School before the beginning of the next school year."

The petition was dismissed and judgment entered in favor of respondent, for costs. Petitioners, seeking reversal of this judgment bring the case here by writ of error.

Margaret P. Simonson, mother of the child, testified that, when the boy returned home from Kansas: "* * * I took him to Rose Hill School, and I talked to the principal of the school, and she said that she would be glad to take him if I could get Mr. FitzSimmons' okay. So I went to see Mr. FitzSimmons at the Adams City School. And he said, 'No, you can't enroll him; he wasn't six before the 30th of November.' I said, 'I'm not asking for an enrollment; I'm asking for a transfer from one school to the other.' He said, 'That has no bearing on it; he wasn't six by the 30th of November.' "

Counsel for the parties stipulated that the case called for determination of two questions, namely: First: Under pertinent constitutional and statutory provisions, did respondent school district have the power to adopt the bylaw in question? Second: Was the bylaw which the board adopted reasonable?

Section 2, Article IX of the Constitution of the State of Colorado provides, inter alia: "The general assembly shall, as soon as practicable, provide for the establishment and maintenance of a thorough and uniform system of free public schools throughout the state, wherein all residents of the state, between the ages of six and twenty-one years, may be educated gratuitously."

Implementing the foregoing constitutional provision, the legislature enacted section 290, chapter 146, '35 C.S.A., which we quote in part as follows: "Every public school shall be open for the admission of all children, between the ages of six and twenty-one years, residing in that district without the payment of tuition; and the board of education shall have power to admit adults and children not residing in the district if they see fit to do so..and to fix the terms of such admission."

Section 89 of the same chapter provides, in part: "Every school board, unless otherwise especially provided by law, shall have power, and it shall be their duty: * * * Seventh—To suspend or expel pupils from school, who refuse to obey the rules thereof, and to exclude from school, children under six years of age." Section 88 of this chapter, provides in part: "Any school board shall have power to make such bylaws for their own government and for the government of the public schools under their charge, as they may deem expedient, not inconsistent with the provisions of this law, * * *."

We cannot agree that the record before us raises the questions which the attorneys stipulated should be answered by the trial court. It is not disputed that the child attended school in Kansas from September, 1952, until the Christmas vacation of that year. When application was made January 5th for enrollment, after the child had attained the age of six years, the request was made on behalf of a student seeking transfer from a school of an adjoining state, and not on behalf of a child appearing for admission to the first grade without any previous instruction. The superintendent of schools does not deny stating to the mother that school atendance in Kansas had no bearing upon the situation. We think it has much to do with the issue presented by this record.

### Question to be Determined.

*Assuming, without so deciding, that the bylaw adopted by respondent school district is a valid regulation, does it justify the refusal of the school district*

*board to accept the child as a transfer student from a school of another state?*

The question is answered in the negative. Our attention is not directed to any rule, adopted by respondent school district, dealing with the subject of admission of students by transfer from schools outside the district. The evidence which was admitted, concerning the necessity for the establishment of a "cut-off date" for enrollment of beginners, is not applicable to the case of a child who seeks admission to the first grade by transfer from another school. In the case at bar, Rickey Simonson actually had attended school in Kansas for as many months as the children of the first grade class to which he sought admission in January, 1953, at which time he had attained the age of six years and had a constitutional right to receive the instruction provided other children of the first grade. The rule which respondent invoked to deny the child admission was not applicable to the facts which were presented in January, 1953. The refusal of the school district board to admit the child was arbitrary and capricious and cannot be upheld by this court.

We realize that this case is moot in that the child cannot now secure the schooling which he sought. He unquestionably will be admitted as a student in September, 1953. The case was not at issue in this court until May 4, 1953, and thus it was impossible for us to determine the controversy in time to provide effective relief to petitioners. However, the costs of this action must abide the outcome of the case; accordingly the judgment is reversed and cause remanded with directions to assess costs against the respondent school district.